IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. PEOPLES,

    Petitioner,

v.                                                  CASE NO. 2:04-cv-1007
                                                              JUDGE SARGUS
                                                              MAGISTRATE JUDGE KEMP

JIM PETRO, ATTORNEY GENERAL, et al.,

    Respondent.

## OPINION AND ORDER

On March 23, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, and a request for oral argument. Doc. No. 27. Petitioner objects to all of the Magistrate Judge's recommendations and conclusions. Petitioner again raises all of the same arguments that were previously presented. For the reasons that follow, petitioner's objections are **OVERRULED**. His request for oral argument is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED,** and this case is hereby **DISMISSED**.

As discussed in the *Report and Recommendation*, petitioner asserts in claims one through three issues that are readily apparent from the face of the record. Such claims were properly raised on direct appeal; however, petitioner failed to file a timely appeal of the appellate court's September 24, 2003, decision denying such claims to the Ohio Supreme Court. Instead, on July 28, 2004, he filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), which motion was denied. In claim four, petitioner asserts the ineffective assistance of

appellate counsel. This claim was presented to the state courts in a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). The state appellate court explicitly denied the delayed application as untimely. The Magistrate Judge therefore recommended that all of petitioner's claims be dismissed due to petitioner's failure to establish cause and prejudice for the procedural default of all of his claims.

Petitioner first objects to the Magistrate Judge's rejection of his argument that, under *Merlo v. Bolden*, 801 F.2d 252, 255 (6th Cir. 1986), respondent waived the right to raise the issue of procedural default by failing to file a response in opposition to petitioner's motion for delayed appeal in the Ohio Supreme Court, or to petitioner's appeal from the state appellate court's decision denying his 26(B) application as untimely. As noted by the Magistrate Judge, *Merlo v. Bolden, supra*, however, is not analogous here.

In *Merlo v. Bolden, supra*, District Court granted the petition for a writ of habeas corpus where the parties conceded that petitioner's conviction was obtained through jury instructions that violated *Sandstrom v. Montana*, 442 U.S. 510 (1979). *Merlo,* 801 F.2d at 255. The petitioner in *Merlo* had first raised his *Sandstrom* claim in a delayed motion for new trial. *Id.*, at 252. The State argued that the petitioner had waived the right to present this claim in federal habeas corpus review by failing to raise the claim on direct appeal; however, the prosecutor had not previously raised the issue of procedural default in the state courts, and the United States Court of Appeals for the Sixth Circuit held:

> The state, by failing to assert procedural default, waived the right to assert it as an independent ground to support Merlo's conviction.

*Id.*, at 255. Importantly, in that case, because the issue of procedural default was not argued in the

2

state courts, the Court of Appeals recognized that "the district court properly concluded that ... the state courts denied relief based on the merits of Merlo's claims." *Id.*

Here, in contrast, the Ohio Supreme Court's dismissal of petitioner's motion for delayed appeal simply did not constitute a ruling on the merits of petitioner's claims.

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." Id. A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. Id. Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla v. Hurley, supra*, 370 F.3d at 497. Notably also, respondent in this case did file a memorandum contra to petitioner's delayed 26(B) application in the state appellate court, which application was explicitly denied for failure to show good cause for the untimely filing, and not on the merits. Exhibits J, K to Return of Writ.

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground... [W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Petitioner next objects to the Magistrate Judge's rejection of his argument that respondent waived the affirmative defense of procedural default by failing to comply with the Requirements of Rule 5 of the Rules Governing Section 2254 Cases and filing a motion to dismiss the petition which

3

failed to address the merits of petitioner's claims and failed to include a copy of the trial transcripts. Respondent has supplemented his response with a copy of the state trial transcript. Petitioner has referred to no authority, however, for concluding that noncompliance with Rule 5 constitutes a waiver of the procedural default defense, nor is this Court aware of any cases standing for such proposition.

Petitioner next objects to the Magistrate Judge's conclusion that the Ohio Supreme Court's summary dismissal of his motion for delayed appeal constitutes actual enforcement of the state procedural bar. Petitioner again argues that, under the Law of the Circuit doctrine, *Hill v. McMackin,* 893 F.2d 810 (6th Cir. 1989), requires the opposite conclusion. For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, at 16-19, this Court is not persuaded by petitioner's argument.

Petitioner next objects to the Magistrate Judge's conclusion that the Ohio Supreme Court's denial of his motion for delayed appeal constitutes an adequate and independent state ground to preclude federal habeas corpus review under the third part of the *Maupin* test. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). Petitioner contends that *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), relied on by the Magistrate Judge, did not address this specific issue. He argues that the Court should instead apply the reasoning of *Deitz v. Money,* 391 F.3d 804, 810-811 (6th Cir. 2004), which held that Ohio's Appellate Rule 5(A), the provision governing the filing of delayed appeals, does not constitute an adequate and independent state ground to bar habeas review. Alternatively, petitioner argues that this Court should disregard the state court's enforcement of the procedural bar as misplaced. *Objections*, at 15.

Petitioner's arguments are not well taken. The Court of Appeals enforced the procedural

4

default in *Bonilla v. Hurley, supra,* under the precise circumstances presented herein. As the Court stated, "[T]his case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does." *Id.*, at 497. Petitioner's argument that the Court should instead follow *Deitz v. Money, supra*, which deals with a different state rule, is simply unavailing. Further, and for the reasons discussed by the Magistrate Judge, *see Report and Recommendation*, at 19, the Court is not persuaded by petitioner's argument that this Court should ignore the state court's enforcement of the procedural default.

Petitioner similarly objects to the Magistrate Judge's conclusion that the state court's denial of his delayed 26(B) application constitutes an adequate and independent state ground to preclude federal habeas corpus review under *Maupin*. As noted by the Magistrate Judge, however, in *Monzo v. Edwards, supra*, 281 F.3d at 577-78, the United States Court of Appeals for the Sixth Circuit held:

> Our review of Ohio law leads us to conclude that there was sufficient guidance as to what would not constitute good cause at the time the rule was applied in this case. We do not dwell on the decisions issued shortly after the *Murnahan* decision, as the Ohio courts have had several years since then to consider the "good cause" requirement. *See Ballew v. Mitchell*, No. C-1- 98-867, 2001 WL 242563, at *7 (S.D.Ohio Mar.7, 2001) (not particularly instructive to rely heavily on decisions issued shortly after *Murnahan* ). The Ohio Supreme Court shed light on the appropriate focus for determining good cause under Rule 26(B) in *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784, 786 (1995). *See State v. Sweeney*, 131 Ohio App.3d 765, 723 N.E.2d 655, 656-57 (1999). That is, the Court in Reddick stressed that:
>
> Neither *Murnahan* nor App. R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to

> allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.
>
> 647 N.E.2d at 786. Further, "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *State v. Williams,* 74 Ohio St.3d 454, 659 N.E.2d 1253, 1254 (1996). *See also State v. Franklin,* 72 Ohio St.3d 372, 650 N.E.2d 447, 448 (1995) (ignorance of the law does not justify untimely filing of a motion to reopen); *State v. Kaszas,* No. 72546/72547, 2000 WL 1195676, at *1 (Ohio Ct.App. Aug. 14, 2000) (listing decisions defining what constitutes good cause). Thus, we find the state courts relied on an adequate and independent state procedural ground to foreclose review of petitioner's *Murnahan* claim.

*Id.* (footnote omitted).

Petitioner nonetheless argues that *Monzo v. Edwards, supra,* 281 F.3d at 577-78, is not controlling because the petitioner in *Monzo* filed his delayed 26(B) application in 1998; petitioner filed his delayed 26(B) application in 2004. Petitioner also refers to *Franklin v. Anderson,* 434 F.3d 412 (6th Cir. 2006); however, *Franklin v. Anderson* is not analogous to this case. *Franklin v. Anderson, supra,* involved a delayed 26(B) application filed on June 30, 1993 – one day before Ohio's Rule 26(B) went into effect, on July 1, 1993, and one year after *State v. Murnahan,* 63 Ohio St.3d 60 (1992) was decided,

> holding that ineffective assistance of appellate counsel claims had to be brought under Ohio R.App. P. 26 (later to become Rule 26(A)), through an application for delayed reconsideration in the court of appeals in which the alleged error took place, *id.* at 1208-09. Prior to *Murnahan,* such claims had been brought in the regular post-conviction hearings before the trial court. *Ibid.*

*Franklin v. Anderson, supra,* 434 F.3d at 418-420. Such are not the circumstances here. Petitioner filed his delayed application to reopen his appeal on November 1, 2004, long after *Murnahan* was

6

decided and Ohio's Rule 26(B) went into effect. Further, Franklin was sentenced to death. The United States Court of Appeals for the Sixth Circuit's discussion in *Franklin v. Anderson, supra,* referred to by petitioner, *see Objections*, at 18, regarding the Ohio Supreme Court's disposition of 26(B) application appeals concerned the Ohio Supreme Court's handling of capital cases. *Id.,* 420-21.

Additionally, petitioner contends that the state appellate court erred in concluding that he failed to establish good cause for his untimely 26(B) application, because he was required first to pursue a delayed appeal with the Ohio Supreme Court, and any attempt to file a delayed 26(B) application before a decision from the Ohio Supreme Court on his motion for delayed appeal would have been denied as premature under Ohio's doctrine of *res judicata*. *Objections,* at 19. Petitioner contends that the Magistrate Judge "exceeded the province of a federal court" by making a "*de novo*" finding of the reasons for the state appellate court's dismissal of his delayed 26(B) application as untimely. *Objections,* at 20-22. This Court does not agree.

As discussed by the Magistrate Judge, *Report and Recommendation*, at 10-11; 19-20, the state appellate court denied petitioner's delayed 26(B) application as follows:

> On November 1, 2004, defendant-appellant, David A. Peoples, filed an application to reopen his appeal and the judgment of this court rendered in State v. Peoples (Sept. 4, 2003), Franklin App. No. 02AP-945. On appeal, this court affirmed defendant's judgment of conviction and sentence in the Franklin County Court of Common Pleas for aggravated murder with two firearm specifications. This court's judgment entry was filed September 4, 2003.
>
> App.R. 26(B)(2)(b) provides that an application for reopening shall contain a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment.

7

Defendant's application was filed almost 11 months from journalization of this court's judgment in the appeal. Because the application was not filed within the 90-day period, defendant must show good cause for the untimely filing.

Defendant submitted his own affidavit which he executed on October 25, 2004 to support good cause. According to defendant, the sentence imposed by the court below runs consecutively to his federal prison sentence. After sentencing, he was returned to the United States prison at Allenwood, Pennsylvania, to finish serving his federal sentence. Defendant avers that he sent his court-appointed appellate attorney a letter indicating his inmate number and prison mailing address, and his attorney mailed him a copy of the appellant's brief to his prison address. Defendant further avers that his attorney failed to inform him that this court had rendered a decision in his appeal.

He also avers that he received no notice of this court's decision from the clerk of courts or from any other person. Based upon these factual assertions in his affidavit, defendant claims that he has shown good cause for the delay in filing his application to reopen his appeal. We disagree.

On July 28, 2004, defendant, through counsel, filed a notice of appeal in the Supreme Court of Ohio. On September 29, 2004, the Supreme Court, by entry, denied defendant's motion for a delayed appeal. Thus, defendant cannot claim, nor does he, that he was unaware of this court's decision in his appeal as of July 28, 2004 when his attorney filed the delayed appeal. Despite being aware of this court's decision at least as early as July 28, 2004, defendant filed this application to reopen 96 days later on November 1, 2004.

Sup.Ct.Prac.R. II(2)(D)(1) states:

After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction except *** to rule on an application timely filed with the court of appeals pursuant to App.R. 26***.

Thus, this court has the authority to consider an application under App.R. 26(B) even though an appeal of the case is pending before the Supreme Court of Ohio. *Morgan v. EADS*, 104 Ohio St.3d 142, 144, 2004-Ohio-6110.

8

> Defendant offers no explanation as to why he delayed the filing of this application after he presumably became aware of this court's decision in his appeal on July 28, 2004 at the latest, other than to say that he is a layman with no training in criminal law or appellate procedure. However, it is settled that ignorance of the law does not provide good cause for delay in the filing of an application to reopen under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91.
>
> In *State v. Davis* (1999), 86 Ohio St.3d 212, the court indicated that App.R. 26 requires a showing of "good cause" not only during the initial 90-day period, but also during subsequent periods. The court explained that "[e]ven if we were to find good cause for earlier failures to file, any such good cause 'has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.'" *Id.* at 24, citing *State v. Fox* (1998), 83 Ohio St.3d 514, 516.
>
> We note that at least one Ohio appellate court has held that appellate counsel's alleged failure to timely notify the defendant of the court's decision in the appeal does not state good cause for the defendant's failure to timely file an application to reopen the appeal. *State v. Smith,* Cuyahoga App. No. 79301, 2002-Ohio-6620. However, given our analysis above, we need not address the question of whether the alleged failure of defendant's counsel to inform him of this court's decision in his appeal can become good cause for the untimely filing of the application. Moreover, there is no need to conduct an evidentiary hearing.
>
> Accordingly, for all the above reasons, defendant's November 1, 2004 application for reopening and his request for an evidentiary hearing are denied.

Exhibit K to Return of Writ. Again, petitioner has presented no reason to justify ignoring the state court's enforcement of its procedural rule in this case. Petitioner's reference to *Calderon v. Morales*, 85 F.3d 1387, 1393 (9th Cir. 1996), wherein the United States Court of Appeals for the Ninth Circuit held that California's rule on untimely state habeas corpus petitions could not "serve as an adequate and independent state ground sufficient to support a procedural default" does not alter this Court's conclusion. The rule at issue in *Calderon v. Morales, supra*, was not "unambiguous," and the Ninth

Circuit stated that "[t]he vagueness" of the rule had not been "cured by narrowing judicial construction in the years immediately following their issuance." *Id.*, at 1390-1391. This same scenario does not appear to be present here. *See Monzo v. Edwards, supra*, 281 F.3d at 577-78

Lastly, petitioner objects to the Magistrate Judge's conclusion that he failed to establish cause and prejudice for any procedural default because his attorney failed to timely notify him of the appellate court's September 4, 2003, decision denying his direct appeal. Petitioner argues that *Shabazz v. Ohio*, 149 F.3d 1184, unpublished, 1998 WL 384559 (6th Cir. June 18, 1998), is easily distinguished from this case. This Court does not agree. Shabazz procedurally defaulted his claims by failing to file a timely appeal to the Ohio Supreme Court. *Id.*

> Shabazz argued that cause exists because his attorney waited over a year to file a notice of appeal and then experienced difficulties trying to get his appeal heard by the Ohio Supreme Court. However, any actions by Shabazz's counsel cannot constitute cause because Shabazz had no right to effective assistance after his first appeal of right. *See Ritchie v. Eberhart*, 11 F.3d 587, 591-92 (6th Cir.1993), *cert. denied*, 510 U.S. 1135, 114 S.Ct. 1111, 127 L.Ed.2d 422 (1994). As he has not shown cause, it is unnecessary to consider whether he was prejudiced by the default.

*Id.* Thus, *Shabazz*, which this Court finds persuasive, precludes any argument that petitioner can show cause, through ineffective assistance of counsel, for the procedural default at the Supreme Court level. *Smith v. Ohio Department of Rehabilitation and Correction*, 331 F.Supp.2d 605, 618 (N.D. Ohio 2004)

*Paris v. Turner*, 187 F.3d 637, unpublished, 1999 WL 357815 (6th Cir. May 26, 1999), appears to support petitioner's argument that ineffective assistance of counsel can excuse a procedural default enforced to deny a Rule 26(B) motion. However, at that time it was not clear whether a Rule 26(B) motion was part of an appeal as of right. Although the Court of Appeals

subsequently concluded that the 26(B) proceeding was part of the first direct appeal, *see White v. Schotten,* 201 F.3d 743 (6th Cir. 2000), *White* was later overruled by *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)*(en banc)*. Thus, petitioner had no right to the effective assistance of counsel at the Rule 26(B) stage, and cannot argue ineffective assistance of counsel as cause to excuse that procedural default. *See Paris v. Turner, supra* (Farris, J., dissenting); *cf. Smith, supra.*

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons and for the reasons discussed at length in the *Report and Recommendation*, petitioner's objections are **OVERRULED**. His request for oral argument is **DENIED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

7-5-2006

EDMUND A. SARGUS, JR.
United States District Judge

11